# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 11, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| PHILIP TETLOCK and BARBARA TETLOCK, Administrators of the Estate of J.T., Deceased, | * * * * | UNPUBLISHED |
| Petitioners, | * * | Case 10-56V |
| v. | * * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Reasonable Attorneys' Fees and Costs. |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioners.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

On January 27, 2010, Philip and Barbara Tetlock ("petitioners") filed a petition in the National Vaccine Injury Compensation Program on behalf of their daughter, J.T., who is deceased. Petitioners allege that J.T. died on March 15, 2009, as a result of her third human papilloma virus ("HPV" or "Gardasil") vaccination, administered on March 1, 2007. Petition at Preamble, ¶¶ 13-14. On January 19, 2018, the undersigned issued a decision finding that petitioners were not entitled to compensation. Decision dated Jan. 19, 2018 (ECF No. 178).

Petitioners filed a motion for interim attorneys' fees and costs on August 7, 2017, to which respondent did not object. Petitioners' Interim Motion dated Aug. 7, 2017 (ECF No. 166); see also Respondent's Response to Interim Motion dated Aug. 25, 2017 (ECF No. 167). The

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

1

undersigned then awarded petitioners $345,541.15 in interim fees and costs. Decision on Interim Attorneys' Fees and Costs dated Nov. 1, 2017 (ECF No. 174). On July 16, 2018, after the undersigned had issued her entitlement decision, petitioners filed a final motion for attorneys' fees and costs. Petitioners' Application ("Pet. App.") dated July 16, 2018 (ECF No. 181). Specifically, petitioners requested $3,010.00 in attorneys' fees to compensate their attorney of record, Mr. Lawrence Cohan, and another attorney at Mr. Cohan's firm. Pet. App. at 2-3. Petitioners also requested $179.09 in attorneys' costs, resulting in a total request of $3,189.09. Pet. App. at 2-3. Respondent filed his response on September 7, 2018, indicating that he did not oppose petitioners' motion because he believed the statutory requirement for attorneys' fees had been met in the instant case.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards $3,189.09 in attorneys' fees and costs.[2]

I. **Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Although the undersigned found that petitioners were not entitled to compensation, she concludes that the claim had a reasonable basis.

a. **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

---

[2] In total, petitioners have now been awarded $348,730.24 in attorneys' fees and costs in this matter.

special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioners' fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, Mr. Cohan billed 1.2 hours at an hourly rate of $400 in 2018, for which petitioners request a total of $480. Pet. App. at 2. His associate, Mr. David Carney, billed 5.9 hours at an hourly rate of $290 in 2017, and 2.6 hours at an hourly rate of $315 in 2018. Id. Petitioners request a total of $2,530 for Mr. Carney's services. Id. Because the attorneys practice in Philadelphia, Pennsylvania, forum rates apply.

For work performed in 2017, the undersigned has awarded the requested rates to Mr. Cohan and Mr. Carney in the past. See, e.g., Tetlock v. Sec'y of Health & Human Servs., No. 10-56, 2017 U.S. Claims LEXIS 1473 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); M.G. v. Sec'y of Health & Human Servs., No. 15-344, 2017 WL 1228701 (Fed. Cl. Spec. Mstr. March 7, 2017). While the undersigned has not previously had an opportunity to evaluate the rates requested for 2018, she concludes that these rates are reasonable and in accordance with the guidelines set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Furthermore, the undersigned finds that the time expended on this matter was efficiently used and sufficiently documented. The undersigned will thus award the requested attorneys' fees in full.

    b. Costs

Petitioners request a total of $179.09 in attorneys' costs. Pet. App. at 2. This amount includes expenses related to photocopying, medical literature, and other minor expenses. Id. at 9. Because the undersigned concludes that these costs are reasonable and well-documented, she will reimburse them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested attorneys' fees for Lawrence Cohan: | $ 3,010.00 |
| Requested attorneys' costs: | $ 179.09 |

**Total Attorneys' Fees and Costs Awarded:**             **$ 3,189.09**

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $3,189.09, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel of record, Lawrence R. Cohan.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.